IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RANDAL S. D.,[1]

        Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Civil No. 18-cv-188-CJP[2]

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

In accordance with 42 U.S.C. § 405(g), plaintiff seeks judicial review of the final agency decision denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits pursuant to 42 U.S.C. § 423.

## Procedural History

Plaintiff applied for benefits in August 2014, alleging disability beginning on January 1, 2011. He later amended his onset date to June 30, 2015, the date he was last insured for DIB. After holding an evidentiary hearing, ALJ Kellie Wingate Campbell denied the application on April 28, 2017. (Tr. 23-35). The Appeals Council denied review, and the decision of the ALJ became the final agency decision. (Tr. 1). Administrative remedies have been exhausted and a timely

---

[1] In keeping with the court's recently adopted practice, plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. See, Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

[2] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 15.

complaint was filed in this Court.

## Issue Raised by Plaintiff

Plaintiff raises the following issue:

1. The ALJ erred in failing to identify and reconcile apparent conflicts between the VE's testimony and the *Dictionary of Occupational Titles* (DOT).

## Applicable Legal Standards

To qualify for DIB or SSI, a claimant must be disabled within the meaning of the applicable statutes.[3] For these purposes, "disabled" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

A "physical or mental impairment" is an impairment resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). "Substantial gainful activity" is work activity that involves doing significant physical or mental activities, and that is done for pay or profit. 20 C.F.R. § 404.1572.

Social Security regulations set forth a sequential five-step inquiry to determine whether a claimant is disabled. The Seventh Circuit Court of Appeals

---

[3] The statutes and regulations pertaining to Disability Insurance Benefits (DIB) are found at 42 U.S.C. § 423, et seq., and 20 C.F.R. pt. 404. The statutes and regulations pertaining to SSI are found at 42 U.S.C. §§ 1382 and 1382c, et seq., and 20 C.F.R. pt. 416. As is relevant to this case, the DIB and SSI statutes are identical. Furthermore, 20 C.F.R. § 416.925 detailing medical considerations relevant to an SSI claim, relies on 20 C.F.R. Pt. 404, Subpt. P, the DIB regulations. Most citations herein are to the DIB regulations out of convenience.

has explained this process as follows:

> The first step considers whether the applicant is engaging in substantial gainful activity. The second step evaluates whether an alleged physical or mental impairment is severe, medically determinable, and meets a durational requirement. The third step compares the impairment to a list of impairments that are considered conclusively disabling. If the impairment meets or equals one of the listed impairments, then the applicant is considered disabled; if the impairment does not meet or equal a listed impairment, then the evaluation continues. The fourth step assesses an applicant's residual functional capacity (RFC) and ability to engage in past relevant work. If an applicant can engage in past relevant work, he is not disabled. The fifth step assesses the applicant's RFC, as well as his age, education, and work experience to determine whether the applicant can engage in other work. If the applicant can engage in other work, he is not disabled.

*Weatherbee v. Astrue*, 649 F.3d 565, 568-569 (7th Cir. 2011).

Stated another way, it must be determined: (1) whether the claimant is presently unemployed; (2) whether the claimant has an impairment or combination of impairments that is serious; (3) whether the impairments meet or equal one of the listed impairments acknowledged to be conclusively disabling; (4) whether the claimant can perform past relevant work; and (5) whether the claimant is capable of performing any work within the economy, given his or her age, education and work experience. 20 C.F.R. § 404.1520; *Simila v. Astrue*, 573 F.3d 503, 512-513 (7th Cir. 2009).

If the answer at steps one and two is "yes," the claimant will automatically be found disabled if he or she suffers from a listed impairment, determined at step three. If the claimant does not have a listed impairment at step three and cannot perform his or her past work (step four), the burden shifts to the Commissioner at step five to show that the claimant can perform some other job. *Rhoderick v.*

*Heckler*, 737 F.2d 714, 715 (7th Cir. 1984). *See also Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001) (Under the five-step evaluation, an "affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled.... If a claimant reaches step 5, the burden shifts to the ALJ to establish that the claimant is capable of performing work in the national economy.").

This Court reviews the Commissioner's decision to ensure that the decision is supported by substantial evidence and that no mistakes of law were made. It is important to recognize that the scope of review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Thus, this Court must determine not whether plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). This Court uses the Supreme Court's definition of substantial evidence, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does <u>not</u> reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Murphy v. Colvin,* 759 F.3d 811, 815 (7th Cir. 2014). However, while judicial review is deferential, it is not abject; this Court does not act as a rubber

4

stamp for the Commissioner. See, *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010), and cases cited therein.

### The Decision of the ALJ

ALJ Campbell followed the five-step analytical framework described above. She determined that plaintiff had not been engaged in substantial gainful activity since the alleged onset date and that he was insured for DIB only through June 30, 2015. The ALJ found that plaintiff had the severe impairment of degenerative disc disease, which did not meet or equal a listed impairment.

The ALJ found that plaintiff had the residual functional capacity (RFC) to perform a limited range of light work. His limitations included only occasional overhead reaching and the ability to sit for at least five minutes every hour while remaining on task (sit/stand option).

The ALJ found that plaintiff could not do his past relevant work as a carpenter. Based on the testimony of a vocational expert, the ALJ found that plaintiff was not disabled because he was able to do other jobs that exist in significant numbers in the national economy.

### The Evidentiary Record

The Court has reviewed and considered the entire evidentiary record in formulating this Memorandum and Order. In view of plaintiff's argument, the Court will omit a discussion of the medical evidence.

Plaintiff was represented by an attorney at the evidentiary hearing in April 2017. (Tr. 41).

Plaintiff testified regarding his symptoms, medical treatment, and daily

activities. (Tr. 49-63).

A vocational expert (VE) also testified. The ALJ asked a hypothetical question which corresponded to the RFC assessment. The VE identified three jobs that could be done by a person with plaintiff's RFC: folding machine operator (DOT 208.685-014), router (DOT 222.587-038), and garment sorter (DOT 222.687-014). The ALJ asked whether those jobs could be done by a person who needed to sit for five minutes every hour while remaining on task. The VE replied that the three jobs would "have enough tasks involved in each of those jobs to allow" for the sit/stand option. She also stated that the DOT does not address a sit/stand option. (Tr. 65-67).

The ALJ asked the VE "other than what you've already indicated, has your testimony been consistent with the Dictionary of Occupational Titles?" She answered that information concerning breaks and off-task time was not "covered under the DOT" and that she supplemented her answers with her "review of professional resources as well as [her] professional experience, education, and training in vocational rehabilitation." (Tr. 71).

Plaintiff's counsel asked no questions of the VE regarding conflicts with the DOT, the basis for her testimony, reaching requirements of the jobs identified, or a sit/stand option, and did not object to her testimony. (Tr. 71).

## Analysis

Plaintiff's sole argument is that the ALJ failed to sufficiently identify and reconcile conflicts between the VE's testimony and the DOT.

Plaintiff argues that the VE's testimony conflicted with information in the

6

DOT because the hypothetical question included limitations that are not addressed by the DOT. Those limitations are only occasional overhead reaching and a sit/stand option.

As was noted above, at step five of the sequential analysis, if the claimant is not able to perform his past work, the Commissioner bears the burden of showing that he can perform other jobs that exist in significant numbers in the economy.

In making the step five determination, the ALJ generally relies on the DOT for information about the typical characteristics of jobs as they exist in the economy.[4] An ALJ is required to take administrative notice of job information contained in various publications, including the DOT, published by the Department of Labor. See, 20 C.F.R. § 404.1566(d)(1). The ALJ often also relies on testimony from a VE to "supplement the information provided in the DOT by providing an impartial assessment of the types of occupations in which claimants can work and the availability of positions in such occupations." *Weatherbee v. Astrue,* 649 F.3d 565, 569 (7th Cir. 2011).

For each job title, the DOT specifies whether certain physical and mental activities are required, and, if so, the frequency with which they are required. The DOT does not, of course, speak to every possible aspect of the job title. The DOT does indicate how much reaching in general is required, but it does not specify whether jobs require reaching in any particular direction, including overhead.

---

[4]The agency is developing a replacement for the DOT, referred to as the "Occupational Information System." This system will be the "primary source of occupational information SSA staff use in our disability adjudication process." This system is projected to be implemented in 2020. https://www.ssa.gov/disabilityresearch/occupational_info_systems.html, visited on November 19, 2018.

And, as the VE testified, the DOT does not address the availability of a sit/stand option at all.

When a VE testifies, the ALJ is required to ask the VE whether there are any conflicts between her testimony and the information in the DOT; if so, the ALJ must resolve those conflicts. *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008). The ALJ did ask the VE about conflicts here.

Plaintiff's counsel did not point out any conflict between the VE's testimony and the DOT at the evidentiary hearing.[5] Therefore, in this Court, plaintiff "now has to argue that the conflicts were obvious enough that the ALJ should have picked up on them without any assistance, for SSR 00–4p requires only that the ALJ investigate and resolve *apparent* conflicts between the VE's evidence and the DOT." *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008), citing *Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006)[emphasis in original].

Defendant argues that there is no conflict here at all because the VE testified about subjects not addressed in the DOT. Doc. 22, p. 9. She cites *Zblewski v. Astrue*, 302 F. App'x 488, 494 (7th Cir. 2008), which involved a sit/stand option. Further, since the filing of the briefs in this case, the Seventh Circuit issued its decision in *Collins v. Berryhill*, ___ F. App'x ___, 2018 WL 3783601 (7th Cir. Aug. 9, 2018), reh'g denied (Sept. 24, 2018), also agreeing with defendant's argument. The Seventh Circuit found that there was a conflict where the VE testified about a topic addressed in the DOT (exertional level), but there was not a conflict where the DOT was silent (sit/stand option). "Because the DOT does not specify whether jobs

---

[5] Plaintiff is represented by a different attorney in this Court.

allow changing from sitting to standing, the VE's testimony supplemented the DOT and did not conflict with it." *Collins*, 2018 WL 3783601, at *4. Although *Collins* and *Zblewski* are nonprecedential, this Court finds the reasoning of those cases to be persuasive.

Plaintiff also argues that the VE did not give a sufficient basis for her testimony on the subjects of overhead reaching and sit/stand option. However, this argument assumes that the VE's testimony conflicted with the DOT, which it did not.

Plaintiff has not demonstrated that the ALJ erred or that the Commissioner's final decision was not supported by substantial evidence.

## Conclusion

The Commissioner's final decision denying plaintiff's application for social security disability benefits is AFFIRMED.

The Clerk of Court is directed to enter judgment in favor of defendant.

**IT IS SO ORDERED.**

**DATED: November 20, 2018.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**